UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERMAINE A. HAMPTON,

    Plaintiff,

v.                             Case No. 20-C-1492

JAMES MUENCHOW, et al.,

    Defendants.

## SCREENING ORDER

Plaintiff Jermaine Hampton, who is currently serving a state prison sentence at Waupun Correctional Institution (WCI) and representing himself, filed a complaint under 42 U.S.C. § 1983, against two inmate complaint examiners alleging that they denied him his right to exhaust his administrative remedies by rejecting his complaints. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $1.01. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that two inmate complaint examiners (ICEs) at WCI, James Muenchow and Tonya Moon, deprived him of his right to exhaust his administrative remedies. He alleges that since August of 2017, he has tried several times to file an inmate complaint about the medical treatment he was receiving. His complaints were not acknowledged or were returned to him for various reasons with instructions to resubmit them in proper form. Plaintiff believed that ICE Muenchow was responsible for the rejections and delays and so he requested that ICE Moon review his complaint. ICE Moon apparently referred his requests to ICE Muenchow, however, and ICE Muenchow would respond. Plaintiff claims that he told ICE Moon and Yana Pusich, the Correction Program Supervisor, who is not a party, that ICE Muenchow has a conflict of interest

because Plaintiff filed several complaints against him and he therefore should not be handling his complaints. Yana Pusich told Plaintiff that she didn't care about any conflict of interest and that ICE Muenchow would continue to handle his complaints.

Plaintiff alleges that ICE Muenchow has purposely delayed Plaintiff's complaints, by either not acknowledging them or not accepting them even when they meet the criteria. As a result, he claims he has been unable to exhaust his administrative remedies.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff's complaint fails to meet this test.

"Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [Plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953–54 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Grieveson v. Anderson*, 538 F.3d 763, 772 & n.3 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). In *Owens*, the plaintiff sought to hold officials accountable for allegedly ignoring his complaints about actions by other officials and/or prisoners. The Seventh Circuit Court of Appeals agreed with the district court's assessment of those claims as frivolous. *Id*. Like Owens, Plaintiff cannot state a claim for deliberate indifference against Defendants because they were not involved in any conduct that harmed him. *Id*. And Plaintiff has not stated a claim for a violation of due process because, as the

Seventh Circuit explained in *Grieveson v. Anderson*, there is no substantial liberty interest in a prison grievance process. 538 F.3d 763, 772 (7th Cir. 2008). To state a claim on a denial of access, Plaintiff must plead specific allegations of the prejudice he suffered as a result of Defendant's actions. *Pratt v. Tarr*, 464 F.3d 730, 731 (7th Cir. 2006). Plaintiff has failed to identify any such prejudice. Moreover, the fact that Plaintiff has brought these (and many other) claims before this court undermines his argument that any procedural right related to his ability to access the courts has been infringed. *Grieveson*, 538 F.3d at 772 n.3; *Brewer v. Ray*, 181 F. App'x 563, 565 (7th Cir. 2006). Therefore, here, as in *Owens*, Plaintiff's claims of due process and deliberate indifference violations fail as a matter of law.

Plaintiff also fails to state a claim for retaliation. A First Amendment retaliation claim requires a plaintiff to show three things. He must show that "(1) he engaged in constitutionally protected speech[;] (2) he suffered a deprivation likely to deter protected speech; and (3) his protected speech was a motivating factor in the defendants' actions." *Antoine v. Ramos*, 496 F. App'x 631, 633 (7th Cir. 2012). Plaintiff has met the first prong through his filing of grievances. "Grieving about prison conditions is protected First Amendment activity." *Id*. at 634. He is unable, however, to meet the second prong. The Inmate Complaint Review System implemented by the Wisconsin Department of Corrections has strict timelines for decisions by an ICE with the right to appeal any denial or rejection. *See* Wis. Adm. Code §§ DOC 310.01 *et seq.* And if administrative remedies are unavailable, there is no requirement to exhaust. As a result, neither ICE Muenchow nor ICE Moon has deprived Plaintiff of any federal right by rejecting or denying his complaint.

Plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 9566 F.2d 711, 720 (7th Cir.

4

1992). Because the court finds that allowing Plaintiff another opportunity to amend his complaint would be futile and would not cure the deficiencies identified, the complaint will be dismissed for failure to state a claim upon which relief can be granted. *See Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $348.99 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Green Bay, Wisconsin this   30th   day of October, 2020.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge

---

This order and the judgment to follow are final.  Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment.  *See* Fed. R. App. P. 3, 4.  This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline.  *See* Fed. R. App. P. 4(a)(5)(A).  If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome.  If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court.  *See* Fed. R. App. P. 24(a)(1).  Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious.  *See* 28 U.S.C. § 1915(g).  If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury.  *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b).  Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment.  Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment.  The court cannot extend these deadlines.  *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

6

Case 1:20-cv-01492-WCG   Filed 10/30/20   Page 6 of 6   Document 10